T.C. Memo. 2008-281

UNITED STATES TAX COURT

ROBERT AND VIENNA LESHIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17709-06L.                    Filed December 15, 2008.

<u>Jeffrey D. Moffatt</u>, for petitioners.

<u>Michael W. Tan</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioners
seek review of respondent's determination to proceed with
collection of their unpaid 2001 income tax liability.  The issue

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code.

for decision is whether respondent may proceed with collection of the above-mentioned unpaid income tax liability.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference. At the time they filed the petition, petitioners resided in California.

On December 14, 2005, respondent filed a Notice of Federal Tax Lien (NFTL) regarding petitioners' 2001 tax year. On December 16, 2005, respondent mailed to petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 regarding 2001.

Petitioners timely submitted a Form 12153, Request for a Collection Due Process Hearing, regarding 2001 to respondent.

On or about April 6, 2006, respondent received Form 656, Offer in Compromise (OIC), from petitioners. Petitioners offered to pay $70,000 to satisfy their total outstanding tax liabilities of approximately $225,115 for 1999 through 2004.[2] As of the date of the notice of determination, petitioners' income tax liability for 2001 was approximately $36,480.

---

[2] On the Form 656, petitioners listed the tax years as 1991 to 2005. However, petitioners had a zero balance for 1991 through 1998 and for 2005.

Attached to the OIC was Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. The information provided on the Form 433-A was incomplete. For example, petitioners did not list the current value of a 2004 Chevrolet, petitioners listed no monthly income even though they indicated they were self-employed, and petitioners indicated that they received income from stocks but did not submit any documentation related to such income (i.e., listing the amount of dividends received).[3]

Respondent's settlement officer wrote petitioners' counsel requesting additional information. Additionally, on April 18, 2006, respondent's settlement officer requested a Form 433-B, Collection Information Statement for Businesses, regarding petitioners' hay sales business. Petitioners failed to provide any information on their business during the section 6330 hearing.

During 1999 through 2005 petitioners sold stocks and bonds with a value of over $500,000. However, they did not use these proceeds to pay their outstanding tax liabilities for those years.

Based on the incomplete information provided by petitioners, respondent determined their monthly future income potential was

---

[3] Form 433-A states on the face of the form that attachments are required as proof of self-employment income and other income.

$4,386 ($11,086 in monthly income less $6,700 for reasonable expenses). Petitioners' present value of future income was $210,528 ($4,386 per month x 48 months). This amount alone resulted in a reasonable collection potential (RCP) well in excess of the amount owed for 2001--$36,480.[4]

Until July 14, 2006, respondent's settlement officer provided petitioners with several opportunities to dispute any and all aspects of her RCP calculations. Petitioners' counsel did not contest respondent's RCP calculation until two weeks after the July 14, 2006, deadline.

On August 16, 2006, respondent issued the notice of determination to petitioners and sustained the filing of the NFTL. Respondent concluded that petitioners' RCP exceeded the $70,000 offered in the OIC. Accordingly, the settlement officer rejected petitioners' OIC.

OPINION

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice (i.e., the hearing notice) of the filing of a notice of lien under section 6323. Section 6320 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a 30-day period. The hearing generally shall be

---

[4] Furthermore, this amount alone is close to petitioners' total outstanding tax liabilities of approximately $225,115 for 1999 through 2004.

conducted consistent with the procedures set forth in section 6330(c), (d), and (e).  Sec. 6320(c).

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection.  Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).

The only issue raised by petitioners at the section 6330 hearing was an OIC as a collection alternative.  Accordingly, because the validity of the underlying tax liability is not at issue, we review the Commissioner's determination for abuse of discretion.  Sego v. Commissioner, supra at 610.

The information petitioners provided on the Form 433-A was incomplete.  Petitioners failed to submit a Form 433-B as requested by the settlement officer.  Petitioners' RCP substantially exceeded the amount of their tax liability for 2001.  Additionally, during 1999 through 2005 petitioners sold stocks and bonds with a value of $586,797 but did not use the proceeds to pay their outstanding tax liabilities for these years.

We conclude that respondent did not abuse his discretion when he sustained the filing of the NFTL.  In reaching all of our

holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.